# Charleston.

## WILLIAM H. SHIELDS *et al. vs.* FARMERS' BANK OF VIRGINIA.

### January Term, 1872.

To make an endorser of a negotiable note liable, in debt, with the maker, it must appear that the note was duly and formally protested for non-payment, and that he was duly notified of such non-payment and protest. Code 1868, chap. 99, sec. 11.

Action of debt in Greenbrier county circuit court; declaration filed, July rules, 1869. Trial and judgment for plaintiff, January term, 1870.

The following is the note sued on:

LEWISBURG, VA., August 8, 1861.

[$500.]

One hundred and sixteen days after date, for value received, I promise to pay to the order of Moses McClintic, five hundred dollars, negotiable and payable, without offset, at the Farmers' Bank of Virginia, at Lewisburg.

W. H. SHIELDS.

Credit the maker.

Endorsed :

     M. McCLINTIC,
     WILLIAM R. KINCAID,
     JOSEPH D. BELL,
     THOMAS A. BELL.

The judgment was had against W. H. Shields and Thomas A. Bell.

The evidence on the trial on the question of notice, was that of the teller of the bank, who testified that he was a Notary Public, and that when the note fell due he addressed written notices to the endorsers, informing them of the dishonor of the note by non-payment, and placed the notices in the postoffice at Lewisburg, addressed to the proper office of each endorser. No formal protest and notice thereof was averred or proved. The defendants brought the case to this court.

*Dennis* for the plaintiffs in error.

*Mathews & Mathews* and *Faulkner* for the defendants in error.

BERKSHIRE, P. The judgment, in this case, is against the maker and endorser of a negotiable note, and the question presented is, whether, under the proofs in the record, it was properly rendered against the latter. At the common law an action of debit might be maintained on such notes against the *maker* but not against the endorser, the remedy against the latter, in case of non-payment and notice of protest, being an action of assumpsit. But the common law doctrine, in this respect, has been changed by the statute. And by section 11 of chap. 144 of the Code of 1860, p. 629, it is provided that an action of debt may be maintained on negotiable notes and bills of exchange, *if the same be protested*, against all the parties liable *by virtue thereof*, whether they be drawers, endorsers or acceptors, and judgment rendered against them jointly, or against one, or any intermediate number of them. This section is copied into the Code of W. V., and constitutes the 11th section of chapter 99, p. 537, with only this modification, that by the latter section an action of debt or assumpsit may be maintained in such cases. The obvious purpose of these provisions was to change the common law principle in cases of such notes and bills, as to the endorsers, drawers and acceptors, by making them jointly liable, in debt or assumpsit. But in cases where the notes or bills are *not* so protested, the common law rule remains as it was previous to such enactments and debt may still be maintained thereon against the maker. It was maintained, however, by the counsel for the appellee, that the *notice* of the failure of the maker to pay the notes at maturity, which it was claimed was proven to have been given to the endorsers in this instance, was equivalent to *protest.* It seems to me, this view— in the sense of the statute, at least—cannot be correct; and that the explicit language of the statute forbids such a construction. For it is therein provided that the judgment, in such cases, shall be not only for the amount of note or bill, but *also* for the *cost* of protest, with interest thereon from the date of such protest; and in case of such bill, for the damages also. From this, I think it is clearly implied that in

order to make an *endorser* of a negotiable note liable, in debt, with the maker, it must appear that such note was duly and formally *protested* for non-payment, and that he was duly notified of such non-payment and protest.

As it is neither averred nor proved that the note in this case was ever protested, it follows that the endorser, Thomas A. Bell, could not be liable in this action, and the judgment complained of, therefore, is erroneous; and the same must be reversed, with costs here, and the cause remanded to the circuit court for further proceedings.

The other judges concurred.

JUDGMENT REVERSED.